UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDRY BOULLARD,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>G. SWARTHOUT, Warden,<br><br>　　　　Respondent. | Case No. CV 14-2031-GW (RNB)<br><br>ORDER TO SHOW CAUSE |

　　The Court has reviewed the First Amended Petition for Writ of Habeas Corpus ("FAP") filed by petitioner herein on April 7, 2014.

　　As best the Court can glean from ¶ 8 of the FAP, petitioner now is purporting to allege three grounds for relief: an ineffective assistance of trial counsel claim; an ineffective assistance of appellate counsel claim; and a claim directed to his sentence.

　　Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist (continued...)

that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

      The Court notes that none of the grounds for relief now being alleged in the FAP corresponds to the sole claim that petitioner has indicated he raised in his Petition for Review, which petitioner has indicated was his sole California Supreme Court filing.  It thus appears to the Court that all three grounds for relief being alleged in the FAP are unexhausted.

      If it were clear that petitioner's unexhausted claims were procedurally barred

---

[1](...continued)
that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise such claims in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). However, in Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition containing both exhausted claims and unexhausted claims and hold such petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.[2]

---

[2] Under Rhines, 544 U.S. at 277-78, the prerequisites for obtaining a stay (continued...)

This is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines because that procedure applies only to mixed petitions and the Petition herein is not a mixed petition. Nor is this an appropriate case for invocation of the alternate stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) because that procedure applies only to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). Petitions containing solely unexhausted claims such as the FAP must be dismissed. See, e.g., Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir.2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (affirming the dismissal of a fully unexhausted petition and denial of a stay because a Rhines stay is available only where at least some of the claims have been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, on or before **May 15, 2014**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED: April 11, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay."